1  Law Offices of George S. Burns
   George S. Burns (Bar No. 124507)
2  4100 MacArthur Boulevard, Suite 305
   Newport Beach, CA 92660
3  Telephone: (949) 263-6777
   Facsimile: (949) 263-6780
4
   Attorneys for Plaintiff MC Products, Inc.
5

6

7

8                    UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

11 | MC PRODUCTS, INC., a California      ) CASE NO.: SA CV 10-01647 CJC
     corporation                          ) (PLAx)
12 |                                      )
                         Plaintiff,       )
13 |                                      )
     vs.                                  )
14 |                                      ) **ORDER RE PROTECTIVE ORDER**
     GREAT AMERICAN E&S                   ) **PURSUANT TO STIPULATION**
15 | INSURANCE COMPANY, A                 )
     Delaware corporation and DOES 1      )
16 | through 50, inclusive,                )
                                          )
17 |                      Defendants.     )

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 26(c)(1), and upon agreement and joint motion of the parties, the parties stipulate that the Court shall enter the following Protective Order to govern discovery and other matters in this case:

**A.    Good Cause Statement**

1.    The subject matter of this case is a dispute regarding insurance coverage for an on-going matter in the Iowa District Court for Polk County captioned *Centurion Stone of Iowa v. Multicoat Corporation and Exterior Specialties v. Multicoat Corporation*, case no. CL108563 (the "Iowa Action"). Plaintiff MC Products, Inc. ("Multicoat") is an insured under a policy issued to it by defendant Great American E&S Insurance Company ("Great American"). Multicoat contends that Great American owes it a duty to defend and indemnify in the Iowa Action. Great American disputes that contention.

2.    To comply with its disclosure obligations under Rule 26 of the Federal Rules of Civil Procedure and to respond to Great American's discovery requests, Multicoat will produce documents from the Iowa Action that are protected by the attorney work product privilege and the attorney-client privilege that reveal the results of its independent investigation of the claims in the Iowa Action as well as its trial strategy. This material includes attorney bills and materials developed by Multicoat's counsel and experts which have not been disclosed to the plaintiffs in the Iowa Action, and if those documents were publically available to them, it would prejudice Multicoat.  Since Multicoat contends Great American has a duty to defend and indemnify Multicoat in the Iowa Action, public disclosure of that

information would potentially prejudice Multicoat. As a result, good cause exists to enter this Stipulation and Protective Order in order to protect Multicoat's trial preparation efforts in the Iowa Action.

3.    To comply with its disclosure obligations under Rule 26 of the Federal Rules of Civil Procedure and to respond to Multicoat's discovery requests, Great American may be required to produce its claims handling manuals and documents relating to its claims handling process; underwriting manuals; documents relating to the underwriting process, including, but not limited to, drafting history documents; documents related to internal policies and procedures, including, but not limited to internal memoranda; and documents containing proprietary information, all of which Great American contends are trade secrets. Consequently, good cause exists to enter the Stipulation and Protective Order to protect these documents.

**B.    Scope**

4.    This Order applies to all material that has been designated "Confidential" in the manner provided below, obtained from any party through any discovery method authorized under Federal Rules of Civil Procedure.  This Order only applies up to the time of the commencement of trial in this matter.

5.    As used in this Order, "Confidential Information" means the following information:

a. Rebuttal evidence in the Iowa Action developed by Multicoat's counsel;

b. Rebuttal evidence in the Iowa Action developed by Multicoat at the direction of Multicoat's counsel;

c. Rebuttal evidence in the Iowa Action developed by Multicoat's expert witnesses at the direction of Multicoat's counsel;

d. The results of any independent investigation by Multicoat or its experts of alleged damage to homes in the Iowa Action;

e. The description of work performed on the monthly invoices for Multicoat's counsel; and

f. Great American's claims handling manuals and documents relating to its claims handling process; underwriting manuals; documents relating to the underwriting process, including, but not limited to, drafting history documents; documents related to internal policies and procedures, including, but not limited to internal memoranda; and documents containing proprietary information.

**C.     Designating Confidential Material**

6.  In determining the scope of information which a party may designate as Confidential Information, each party agrees that designations of information as Confidential Information shall be made in good faith. Further each party agrees to make reasonable efforts to avoid as much as possible inclusion of Confidential Information in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Confidential.

7.  Information to be treated under this Protective Order as Confidential Information, provided such information has not been made public outside of the context of this case, shall include:

a.  Information voluntarily furnished or set forth in responses to discovery requests made under Rules 26, 31, 33, 34 or 36 of the Federal Rules of Civil Procedure, provided that, prior to disclosure to the receiving party, the information or responses are plainly marked by the producing party on at least the caption page with a legend bearing the words "CONTAINS CONFIDENTIAL INFORMATION";

b.  Information set forth in documents made available for inspection by the producing party voluntarily or under Rules 26, 33 or 34 of the Federal Rules of Civil Procedure and which are identified at the time of inspection as comprising Confidential Information;

c.  Information set forth in any copies of documents produced to the discovering party voluntarily or under Rules 26, 33 or 34 of

the Federal Rules of Civil Procedure, provided that, prior to delivery of the copies to the receiving party, the copies are marked by the producing parties with a legend bearing the word "CONFIDENTIAL" and an identifying document control number prefixed with one or more letters identifying the producing party;

      d.    Information revealed during depositions upon oral examination under Federal Rule of Civil Procedure 30 or pursuant to subpoena under Federal Rule of Civil Procedure 45, provided that the portions of the transcript containing Confidential Information are so designated on the record prior to the deposition concluding for the day, and further providing that the disclosing party may opt to designate the entire transcript as Confidential Information for later review and re-designation by line and page. In the case that a party opts to designate the entire transcript as Confidential Information for later re-designation, written notice designating, by line and page, the portions of the transcript to be treated as Confidential Information shall be sent to the receiving party within forty-five days from the date of the deposition session in question concludes or the date the deposition transcript if available in its finalized form, whichever is later. Additionally, the cover page of any deposition transcript containing testimony designated "Confidential" shall be marked "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

      e.    Any summary, digest, analysis or comment on any information identified in categories a-d.

8. A party or non-party designating information or documents (including traditional paper documents and electronic images of paper documents) as "Confidential" shall do so by stamping each designated page. With respect to any non-traditional paper documents which a producing party or non-party seeks to designate as "Confidential," but which are in a format which makes stamping each page impracticable (such as videos or meteorological data files), the producing party or non-party shall segregate such non-traditional documents into a separate CD, DVD, hard drive, or other medium which is clearly stamped "Confidential," and produce those non-traditional documents separately from all other documents. However, nothing in this provision shall permit a producing party or non-party to designate as "Confidential" any traditional paper documents or electronic images of paper documents without stamping each page.

**D.     Receipt of Confidential Information**

9. Except with the written consent of the parties or upon prior order of a court of a competent jurisdiction obtained upon notice to opposing counsel, Confidential Information shall be maintained in confidence by the party to which such materials are produced or given and shall not be disclosed to any person other than:

    a.     the Court, including the Clerk of the Court and support personnel, under seal;

    b.     outside counsel for the parties to the action, including associated personnel engaged to assist outside counsel

                    in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

    c.    consultants or expert witnesses retained for the prosecution or defense of the action;

    d.    any authors or recipients of "Confidential" documents, as indicated on the face of the documents;

    e.    witnesses, deponents, and their counsel, to the extent necessary to prepare or allow them to testify;

    f.    in-house counsel of each of the parties, including legal assistants, and other legal staff;

    g.    reinsurers, retrocessionairies, accountants, auditors, and regulatory authorities of any party;

    h.    individual officers, directors or employees of a party;

    i.    Court reporting services; imaging, copying and microfilm vendors; and litigation vendors retained in this action to assist in: (i) recording, preserving, organizing, filing, storing, retrieving, coding, imaging and/or other management of documents produced in discovery, (ii) preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial, or (iii) jury research and analysis;

  j.  mediators retained in connection with this action; and

  k.  Such other individuals as the parties may stipulate to in writing.

10. With respect to any disclosure to those persons listed in categories 9 (c) (e) and (j), above, those persons must have read this Stipulation and Protective Order and signed an acknowledgment in the form of Exhibit A to this Stipulated Protective Order, which shall remain in the files of outside counsel.

11. Each deponent presented with deposition exhibits designated "Confidential" by any producing party shall be made aware of the existence of this Order in accordance with paragraph 9 of this Order. The witness shall not be allowed to retain copies of any "Confidential" documents marked as deposition exhibits, unless the witness either produced the document or is identified on the document as an author, sender, or recipient of the document.

12. The parties, including their counsel, counsel's staff and expert witnesses, agree that they shall maintain such Confidential Information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care. Each party, including its counsel, counsel's staff and expert witnesses, hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Stipulation and Protective Order, provided that the recipient has so agreed

in writing.

13. With the exception of the Court and its personnel, no person who receives "Confidential" information or documents shall reveal it to, or discuss it with, any person who is not entitled to receive it, as provided in paragraph 9 above. Material designated as "Confidential" shall be used or disclosed solely in this action in accordance with the provisions of this Order, and such material shall not be used by any non-producing party in any other litigation or for any other purpose without further order of this Court. Notwithstanding the foregoing, this Order shall not be construed in any manner that would prevent any producing party from using its own "Confidential" material in any manner it chooses; provided, however, that if a producing party uses its own "Confidential" material in a manner that causes such information to lose its confidential status, then all other parties shall be relieved of their obligation to treat such information as "Confidential" in accordance with this Order.

14. Producing or receiving "Confidential" material, or otherwise complying with the terms of this Order, shall not (a) operate as an admission that any particular "Confidential" material contains or reflects trade secrets or any other type of confidential, privileged or proprietary information; (b) waive any trade secret or other confidential or privileged protection that might otherwise be afforded over that "Confidential" material; (c) prejudice the rights of a producing party to object to the production of information or material that the producing party does not consider to be within the scope of discovery; (d) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (e) prejudice the rights of a producing party to apply to the

Court for further protective orders; (f) prevent the parties or producing parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular document or information; or (g) prevent any producing party from seeking to modify, extend, or limit this Order upon a showing of good cause. Nor shall anything in this Order prevent the parties from contesting the relevancy, admissibility, or discoverability of "Confidential" material.

15. If a party has actual knowledge that "Confidential" material produced in this action is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall within a reasonable amount of time provide written notice of the unauthorized use or possession to the party whose material is being used or possessed

16. Confidential Information shall be used by the receiving party solely for purposes of this action.

**E.     Use of Confidential Information in court.**

17. If a party wishes to file a document containing Confidential Information with the court, that document must be lodged with the court along with an application to file the document under seal. The application must show good cause to file the document under seal. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. The portion of the document containing Confidential Information shall be filed with the Clerk of the Court

in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, an the following notation:

**Contains CONFIDENTIAL INFORMATION**
**Subject to Protective Order**
**To be Opened Only By or As Directed By the Court**

or such other designation as is ordered by the Court or as required by the Clerk of the Court.

18. Disclosure of Confidential Information during trial or any hearing before the court shall be made under the court's direction. If the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this protective order shall become public and, presumptively, available to all members of the public, unless sufficient cause is shown in advance fo trial to proceed otherwise.

**F.      Resolution of disputes regarding Confidential Information**

19. This Stipulation and Protective Order shall not prevent either party from moving this Court for an Order that Confidential Information is not, in fact, confidential, provided that, prior to making such a motion the party making the objection shall state its objection by letter to the party that produced the litigation material. The parties shall then promptly meet and confer, in person or by telephone, to resolve any differences over the designation. The party asserting confidentiality shall have the burden of proving that the Confidential Information in question is protectable under

Rule 26(c) or on some other basis. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude a subsequent challenge.

20. Before seeking resolution by the Court of any disagreement on matters within the scope of this Protective Order, the parties shall meet and confer promptly and in good faith to resolve the disagreement, and failing resolution, they shall cooperate without delay in the submission of the issue to the Court. Any proceedings with respect to this Stipulation and Protective Order shall be conducted pursuant to Federal Rule of Civil Procedure 37 and Central District Local Rule 37-1 through 37-4. If the parties want to file the Joint Stipulation required by Local Rule 37-2 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application requesting that the Joint Stipulation be filed under seal. The parties must set forth good cause in the stipulation or ex parte application as why the Joint Stipulation or portions thereof should be filed under seal.

21. In the event of accidental or inadvertent disclosure of Confidential Information other than in a manner authorized by this Stipulation and Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Confidential Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information in any form. Compliance with the foregoing shall not prevent the disclosing party from seeking further relief from the Court as described in paragraph 15 of this Stipulation and Protective Order.

**G. Miscellaneous Provisions**

22.  .Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular information or documents, or to seek modification of this Order upon due notice to all other parties and affected non-parties.

23.  Nothing in this Stipulation and Protective Order shall preclude either party from disclosing or using, in any manner or for any purpose, any information which either was lawfully in its possession prior to being designated Confidential Information in this litigation or was obtained from a third party having the right to disclose such information.

24.  Nothing in this Stipulation and Protective Order shall require production of information which a party contends is protected from disclosure by the attorney-client privilege or the work product doctrine. If information subject to a claim of attorney-client privilege or the work product doctrine. If information subject to a claim of attorney-client privilege or the work product doctrine is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or an estoppel as to, any claim of privilege or work product protection for such information.

25.  Within a reasonable amount of time after determining it has inadvertently disclosed or produced documents or information protected by the attorney-client privilege, the work product doctrine, joint defense privilege, or any other applicable privilege or protection, the producing party must send written notice to all other parties of the inadvertent production and the basis for the

1 privilege or other protection and of its request that the inadvertently disclosed or
2 produced material, and any copies be returned or be confirmed as destroyed.
3 Within five days of receiving such notification, all receiving parties must return
4 the information or documents to the producing party or confirm its destruction,
5 unless there is a disagreement among the parties as to whether the
6 inadvertently produced material is protected from discovery.  Should such a
7 disagreement arise, the receiving party or parties shall convey to the producing
8 party the basis for such disagreement in writing within five days of receiving
9 notification.

12    26.    If the parties disagree about whether the inadvertently produced
13 material is protected from discovery, the producing party agrees to promptly file
14 a motion with the Court to determine the matter. Failure to file a motion for a
15 determination of the claim within 30 days after sending the written notice
16 referred to in paragraph 19 shall constitute a waiver, in this action, of any claim
17 of protection from discovery as to the inadvertently produced material at issue.
18 The parties must retain, preserve, and safeguard the potentially protected
19 information until the disagreement is resolved.

22    27.    This Order may be modified at any time by Court order upon the
23 parties' stipulation or upon a party's motion for good cause shown.

26
27    28.    Nothing in this Order shall affect the right of any party or non-party
28 to oppose any request for discovery on any ground permitted by applicable law,
   and no party shall be deemed by virtue of this Order to have waived any right it

1  otherwise would have to object to disclosing or producing any information or
2  documents. Similarly, no party waives any right to object on any ground to use
3  in evidence of any information or document covered by this Order.

**SO ORDERED.**

Dated: March 22, 2011

_____
The Honorable Paul L. Abrams
United States Magistrate Judge

GAM/1066346/9471703v.1